## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| KYLE A. APPLEBY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-2101-DDC-GEB |
| | ) | |
| BOARD OF COUNTY COMMISSIONERS | ) | |
| OF DOUGLAS COUNTY, KANSAS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendant's Motion to Determine Sufficiency of Plaintiff's Responses to Defendant's Requests for Admission (**ECF No. 46**).  On January 12, 2018, the Court convened a pretrial conference to address both pretrial matters and any pending motions, including the instant motion (*see* Order, ECF No. 54). Plaintiff appeared through counsel, Michael Stipetich.  Defendant appeared through counsel, Michael Seck and Bradley R. Finkeldei.  After consideration of both the arguments of counsel and the parties' briefing, the Court **DENIED** Defendant's Motion (ECF No. 46) during the pretrial conference.  The previously-announced ruling of the Court is now memorialized below.

I.    **Background**[1]

This is an employment case, arising from what plaintiff Kyle Appleby believes was Defendant's unlawful failure to promote him.  In May 2015, Plaintiff, a Corrections Officer for the Douglas County Sheriff's Office and Correctional Facility, applied for a promotion to Deputy.  He was promoted, but the advancement was contingent on his completion of the Lawrence Police Department Basic Recruit Academy.  Plaintiff claims that, during his Academy training, he was the target of offensive comments and more severe criticism than other recruits.  Additionally, Plaintiff contends his male superiors at Douglas County sent derogatory messages about him to the Academy trainers.  Although the parties disagree on whether Plaintiff actually completed the training program, he was not allowed to graduate from the Academy, and returned to his position as a Corrections Officer.

Plaintiff then filed this lawsuit, claiming he was demoted, at least in part, as retaliation for a back injury he suffered during his Academy training.  He contends that, because he may bring a future Workers' Compensation claim, demotion resulting from his work-related injury violates public policy.  In addition to this claim, he contends he was treated less favorably than similarly-situated females, and was perceived by Defendant to be "insufficiently masculine."  (Compl., ECF No. 1 at 8.)  And, he contends his demotion was a result of illegal discrimination based on "sex stereotypes."  (*Id.*)

---

[1] The information recited in this section is taken from the pleadings (*see* Compl., ECF No. 1; Answer, ECF No. 5) and from the briefs regarding the Motion to Compel (ECF Nos. 46, 53). This background information should not be construed as judicial findings or factual determinations unless specifically stated.

Defendant, Board of County Commissioners of Douglas County, Kansas, denies legal responsibility for Plaintiff's demotion.  It also claims Plaintiff was demoted for legitimate, non-discriminatory reasons, and it is not vicariously liable for the conduct of the sheriff's office employees.

Plaintiff filed his case in February 2017.  This case has progressed smoothly through discovery, with the exception of the instant motion.  After Defendant filed its motion, and Plaintiff responded, the Court held the pretrial conference, during which time the Court discussed the pending motion with counsel.

## II.    Defendant's Motion to Determine Sufficiency of Plaintiffs' Responses (ECF No. 46)

The dispute between the parties centers on Request Nos. 1 through 6 of Defendant's Requests for Admission (ECF No. 46, Exs. A, B).  All of the disputed requests ask Plaintiff to admit that each of six different police reports from various officers with the City of Lawrence is "a genuine copy of the document maintained in the ordinary course of business by the City of Lawrence, Kansas Police Department."  (*Id.*)  Plaintiff initially answered each request by admitting the title of each document, and noting the reports were produced by a non-party, the City of Lawrence Police Department, pursuant to a subpoena.  He denied each report was "maintained in the ordinary course of business" due to the "circumstances of its preparation."  He contends the reports were actually created after his demotion, and concluded each of his responses with the following statement, "Plaintiff has made a reasonable inquiry and lacks

sufficient knowledge or information to enable him to admit or deny the remaining matters stated, and Plaintiff therefore denies the same."  (ECF No. 46, Ex. A.)

After the parties conferred, Plaintiff later amended his responses to include this statement, "The document was produced by a non-party and it was never in Plaintiff's possession, custody or control.  Plaintiff has made a reasonable inquiry and he lacks sufficient knowledge or information to enable him to admit or deny the genuineness of this document pursuant to Fed. R. Civ. P. 36(a)(1)(B), and he therefore denies the same." (ECF No. 46, Ex. B.)

### A.    Compliance with D. Kan. Rule 37.2

Throughout the briefing, and during the January 12 pretrial conference, the parties demonstrated their attempts to resolve their differences.  Therefore, the Court is satisfied they have sufficiently conferred as required by D. Kan. Rule 37.2 and Fed. R. Civ. P. 37(a)(1).  Despite their attempts, the parties could not agree regarding the sufficiency of Plaintiff's responses, which led to Defendant's motion.

### B.    Discussion

Defendant contends it properly seeks Plaintiff's admissions regarding the genuineness of the reports, as contemplated by Fed. R. Civ. P. 36(a)(1)(B), so it may avoid the unnecessary time and expense of authenticating business records.  It argues it did not ask for admissions regarding the content or preparation of the documents, or when Plaintiff received them.  It claims Plaintiff denied the requests without a reasonable

basis for doing so. Defendant asks the Court to either deem Request Nos. 1 through 6 admitted, or order Plaintiff to amend his responses.

But Plaintiff argues a reasonable basis exists for disputing the trustworthiness of the reports, due to the circumstances of their preparation, and the topic will be a genuine issue at trial. He maintains his answers specifically comply with Rule 36(a)(4). He claims he never received any reports regarding his training performance until his legal counsel became involved. The first time he became aware of the reports was approximately a month after his demotion. Because of what he considers the unusual manner in which the reports were created—after his demotion rather than during his training—he disputes their creation in the "ordinary course of business."

### 1.    Legal Standard

As referenced by the parties, Federal Rule of Civil Procedure 36 provides the standards for requests for admission. This rule "allows a party to serve on another party a written request to admit 'the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents.'"[2]

The rule includes precise requirements for a party's answers to such requests:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The

---

[2] *Nat'l R.R. Passenger Corp. v. Cimarron Crossing Feeders, LLC*, No. 16-CV-1094-JTM-TJJ, 2017 WL 1408226, at *1 (D. Kan. Apr. 20, 2017) (quoting Fed. R. Civ. P. 36(a)(1)).

answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.[3]

"Requests for admission serve 'two vital purposes, both of which are designed to reduce trial time.  Admissions are sought, first to facilitate proof with respect to issues that cannot be eliminated from the case, and secondly, to narrow the issues by eliminating those that can be [eliminated].'"[4]  The primary purpose of a request for admission is "not to discover additional information concerning the subject of the request, but to force the opposing party to formally admit the truth of certain facts, thus allowing the requesting party to avoid potential problems of proof."[5]

If the requesting party is dissatisfied with the opposing party's response, "the requesting party may move to determine the sufficiency of an answer or objection.  Unless the court finds an objection justified, it must order that an answer be served.  On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served."[6]

## 2.    Analysis

It is certainly within the purview of Rule 36(a)(1)(B) for Defendant to seek Plaintiff's admissions regarding the authenticity of the six police reports.  However, the

---

[3] Fed. R. Civ. P. 36(a)(4).
[4] *Nat'l R.R. Passenger Corp.*, 2017 WL 1408226, at *1 (quoting Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment).
[5] *Id.* (quoting *Solis v. La Familia Corp.*, No. 10-2400-EFM-GLR, 2012 WL 1906508, at *2 (D. Kan. May 25, 2012)).
[6] Fed. R. Civ. P. 36(a)(6).

rule does not require Plaintiff to do so.  Plaintiff contends he "denied, in good faith, that these non-party documents—about which he testified in his deposition that he had not seen until after he retained counsel and pursued legal recourse—were genuine, rightfully citing that he lacked sufficient knowledge or belief about their genuineness after making a reasonable inquiry." (Pl.'s Resp., ECF No. 53).  Plaintiff was never employed by the Lawrence Police Department, and he claims to be unfamiliar with their business practices.  He merely participated in—but did not complete—law enforcement training with the department, during which time he claims to have never possessed, controlled, or even viewed the subject reports (Pls' Resp., ECF No. 53).  And, he denies—due to the timing of their preparation and production—the documents were actually prepared in the ordinary course of business (*Id.*).

Rule 36 "requires only that the [responding] party state that he has taken" the steps outlined in Rule 36(a)(4).[7]  In each of his responses, Plaintiff spelled out those dates that cause him to dispute the creation of the reports.  He relies upon the circumstances of the reports' creation to support, in detail, why he could not truthfully admit or deny the genuineness of the documents.  He specified, as required by Rule 36(a)(4), that he made reasonable inquiry and the information he possesses is insufficient for him to admit the genuineness of the reports (ECF No. 46-2, Ex. B).  Because Plaintiff offered details about the documents and a reasoned analysis to support his denials, the Court finds Plaintiff's answers are sufficient under Rule 36(a)(4).

---

[7] *Nat'l R.R. Passenger Corp.*, 2017 WL 1408226, at *3 (quoting Fed. R. Civ. P. 36 advisory committee's note to 1970 amendment).

Finding Plaintiff's responses sufficient, the Court denies the award of fees to either party.  Sanctions against Plaintiff are not supported because he has substantially justified the basis for his denials.[8]  Likewise, Defendant is not required to pay Plaintiff's fees in defending the motion because Defendant's motion was also reasonable.[9]

**C.     Conclusion**

In light of the above discussion, **IT IS THEREFORE ORDERED** that Defendant's Motion to Determine Sufficiency of Plaintiff's Responses to Defendant's Requests for Admission (**ECF No. 46**) is **DENIED**.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 24th day of January, 2018.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[8] *See Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 (10th Cir. 1996) (upholding the district court's conclusion that the responding party failed to admit "in good faith and for good reason, and was thereby not subject to sanctions.").

[9] *See* Fed. R. Civ. P. 37(a)(5)(A)(ii), which addresses payment of expenses if a motion is granted, unless "the opposing party's nondisclosure, response, or objection was substantially justified." *See* Fed. R. Civ. P. 37(a)(5)(B), which requires that the court not order payment of sanctions if the motion is denied and "the motion was substantially justified or other circumstances make an award of expenses unjust."